FUHRER, ADM'R, *v.* THE STATE, EX REL. THE ATTORNEY GENERAL.

DECEDENTS' ESTATES.—*Final Settlement.*—*Failure of Heirs to Claim Surplus.*—*Escheat.*—*Duty of Court.*—Where, from the final settlement report of the administrator of a decedent's estate it appears that there is a surplus in his hands for distribution, upon the expiration of two years from the filing and approval of such report, without the appearance of any heirs to claim such surplus, it escheats to the State, and it is the duty of the court having jurisdiction of such estate to order such administrator to pay such surplus to the proper county treasurer, for the use of the State.

SAME.—*Removal of Administrator.*—*Appointment of Successor.*—*Suit on Bond.*—*Prosecuting Attorney.*—*Duty of.*—Upon the failure of the administrator to obey such order, by paying over the surplus to such county treasurer, it is the duty of the court to remove such administrator and appoint his successor, who should bring suit against his predecessor, on his bond; and it is the duty of the prosecuting attorney of such court to prosecute such suit in court.

SAME.—*Officer.*—*Failure of to Perform Duty.*—*Attorney General.*—*Parties.*—*Statute Construed.*—Upon the failure of the court to so order the administrator to so pay over such surplus, or, upon the failure of such administrator to obey an order so made, if the court shall have failed to so remove such administrator and appoint his successor, or if, upon the removal of such administrator and the appointment of his successor, the prosecuting attorney shall have failed to institute and prosecute such suit, after the lapse of twelve months from the time when any such judicial or official action became necessary, the State, on the relation of her attorney General, under section 9 of the act supplemental to the act providing for his election, (1 R. S. 1876, p. 152,) may institute a suit on such bond, to recover such surplus.

From the Posey Circuit Court.

*M W. Pearse,* for appellant.

*C. A. Buskirk,* Attorney General, for the State.

Howk, J.—The State of Indiana, on the relation of Clarence A. Buskirk, Attorney General, filed a complaint, in the court below, against the appellant, in substance as follows:

That, on the 14th day of March, 1865, the appellant was duly appointed and qualified, as administrator of the estate of John Ladabat, deceased, and on the same day, as such administrator, he received the sum of one thousand three hundred and ninety-four dollars and twenty-five cents, belonging to said estate; that on the 12th day of July, 1867, the appellant made a final settlement report, as administrator of said decedent's estate, to the proper court, showing a balance in his hands, belonging to said estate, of one thousand and fifty-eight dollars and fifty cents, for distribution, which report was received and approved by said court, and the distribution of said sum was ordered; that on the 6th day of July, 1871, a citation was issued by said court, against the appellant, as such administrator, requiring him to show cause why he had not made distribution of the funds in his hands, belonging to said estate, which citation was duly served on him, on the same day it was issued, but he wholly failed and refused to appear and answer said citation; that more than two years had elapsed since the final settlement of said estate, and that no heirs of said decedent had appeared, to claim the surplus of said estate, or any part thereof, and that said estate had escheated to the State of Indiana; and the appellee asked for an order, requiring the appellant to pay said sum of one thousand and fifty-eight dollars and fifty cents, belonging to said decedent's estate, and interest on the same, in the aggregate one thousand seven hundred dollars, over to the treasurer of Posey county.

The appellant demurred to appellee's complaint, for the

alleged insufficiency of the facts therein to constitute a cause of action. This demurrer was overruled by the court below, and to this decision appellant excepted. And the appellant, failing and refusing to answer further, the court below made a finding, that there was then in the hands of the appellant, as administrator of said decedent's estate, the sum of one thousand four hundred and sixty dollars and fifty cents, belonging to said estate, and that more than two years had elapsed since the final settlement of said estate, and that no heirs had appeared to claim said sum or any part thereof. And judgment was rendered by the court below, in favor of the appellee and against the appellant, for the amount found in appellant's hands, and the costs of this action, and that appellant should then pay said amount over to the county treasurer of said Posey county. From that judgment, this appeal is now here prosecuted.

The only alleged error, assigned by appellant in this court, is the decision of the court below, overruling his demurrer to appellee's complaint.

It is provided by section 143 of the statute of this State, providing for the settlement of decedents' estates, etc., approved June 17th, 1852, as follows:

"Sec. 143. If, after the expiration of two years from the final settlement of an estate, no heirs appear to claim the surplus, or any part thereof, the court shall direct it to be paid over to the county treasurer, to be by him paid over to the treasurer of State, who shall credit it upon the books to the unknown heirs of the decedent." 2 R. S. 1876, p. 545.

By section 145 of the same act, it is provided, that, if an "administrator fail to pay into court any money belonging to such estate, of which there are no known heirs, * * * the court shall remove him from his trust, and appoint a successor, who, having qualified and given bond according to law, shall bring suit against such delinquent * * * 'administrator on his bond, which

suit the prosecuting attorney of the proper court shall prosecute, he being allowed by such court a reasonable compensation therefor, to be paid out of the damages assessed in such suit." 2 R. S. 1876, p. 545.

It is insisted by appellant's attorney, that the complaint in this action is insufficient, because it does not allege that the appellant had been removed from his trust, that his successor had been appointed and qualified, and that such successor and the prosecuting attorney had failed or refused, for twelve months, to institute the proper proceedings against the appellant and his sureties, as provided in section 145, last cited. This is the only point made by appellant's counsel, in his argument of this cause. That is, the appellant admits that he has a large sum of money in his hands, which escheated to the State nearly eight years ago, and which he has not the slightest title to nor interest in; and he admits that the proper court ought to have removed him from his trust, and appointed his successor in said trust, and that that successor and the prosecuting attorney ought to have sued him on his bond, for his delinquency. And, upon the vain pretext that the Attorney General was not authorized by law to bring this suit, the appellant apparently founds all his hopes for a reversal of the judgment of the court below.

We think that the case made by appellee's complaint in this action is clearly within the spirit, intention and meaning, if not within the strict letter, of the 9th section of the act supplemental to the act, providing for the election, etc., of the Attorney General of the State, approved March 10th, 1873. 1 R. S. 1876, p. 152. By this section it is provided, among other things, that, in cases where the officers whose duty it shall be to collect money unclaimed in estates, or moneys that escheat to the State for want of heirs, shall fail, neglect or refuse to do so, for twelve months after the cause of action in favor of the State shall have accrued, the Attorney General shall insti-

tute, or cause to be instituted and prosecuted, all necessary proceedings to compel the payment of the money.

In this cause, it is admitted that the final settlement of the estate of appellant's intestate was made on the 12th day of July, 1867. Two years afterwards, or on the 12th day of July, 1869, the State's cause of action, or right to the money, accrued, under section 143, above cited, of the act providing for the settlement of decedents' estates. The judge of the proper court, the officer whose plain legal duty it then was to direct and see that the surplus of said estate was then paid over to the county treasurer of Posey county, by the appellant, failed and neglected to discharge such duty. Afterwards more than five years elapsed, and still the judge of the proper court, the officer whose plain legal duty we have already stated, still failed and neglected to discharge such duty, and, also, still failed and neglected to remove the appellant from his said trust, and appoint his successor therein, as it was, also, the plain legal duty of such officer to do, under the requirements of said section 145, before cited. When these facts came to the knowledge of the Attorney General of the State, he would have been derelict in his plain legal duty, as we understand his duty under the law, if he had not, forthwith, instituted and vigorously prosecuted to a successful issue, this action against the appellant.

Manifestly, the only object of this appeal is the hope the appellant had, that thereby he would obtain another lease for years of a large sum of money, which did not belong to him and in which he had no possible interest, but which did belong to the State. There is no merit in such an appeal.

The judgment of the court below is affirmed, with five per cent. damages, at the costs of the appellant.